**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-01630-NYW-MEH

PAWNEE LEASING CORPORATION,

    Plaintiff,
v.

OPTICAL TECHNOLOGIES, INC.,
JOHN REDFEARN, III,
SHANI JOHNSON, and
JAMES COMSTOCK,

    Defendants.

---

## ORDER

---

Pending before the Court is the Motion to Enter Default Judgment (the "Motion" or "Motion for Default Judgment"), [Doc. 47], in which Plaintiff Pawnee Leasing Corporation ("Plaintiff" or "Pawnee") requests that this Court enter default judgment against Defendants Shani Johnson ("Ms. Johnson") and Optical Technologies, Inc. ("Optical Technologies"), jointly and severally, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.[1] The Court held an Evidentiary Hearing on February 1, 2024. [Doc. 53]; *see also* Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings . . . when, to enter or

---

[1] Although Pawnee does not specify whether it proceeds under Rule 55(b)(1) or (b)(2), the Court construes Plaintiff's request as a motion pursuant to Rule 55(b)(2), because it is addressed to the Court, as opposed to the Clerk of Court. *See* [Doc. 47 at 1 ("[Plaintiff] moves this Court for the entry of a judgment by default . . . .")]; *see also* [Doc. 47-5 (proposed "Order of Judgment" prepared for Court's, not the Clerk of Court's, signature)]; *compare* Fed. R. Civ. P. 55(b)(1) (requiring the entry of default judgment by the Clerk of Court on the plaintiff's request where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation"), *with* Fed. R. Civ. P. 55(b)(2) (providing for the entry of default judgment by the Court on a party's application).

effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."). Upon review of the Motion, the record before the Court, and the applicable case law, the Motion for Default Judgment is **GRANTED**.

## BACKGROUND

Pawnee leased equipment to Optical Technologies pursuant to a December 30, 2020, Lease Agreement (the "Agreement"). [Doc. 4 at ¶¶ 7–8]. After Optical Technologies took possession of the equipment in December 2020, Pawnee alleges, Optical Technologies failed to make the monthly lease payments of $2,093.54 required by the Agreement. [*Id.* at ¶¶ 9–11]. Accordingly, Pawnee asserts a claim for breach of contract against Optical Technologies. [*Id.* at ¶¶ 1–14]. In addition, Pawnee asserts a breach of contract claim against Ms. Johnson, one of Optical Technologies' guarantors on the Agreement, who Pawnee alleges has also failed to pay the amount owed under the Agreement.[2] [*Id.* at ¶¶ 15–23].

## ANALYSIS

Default judgment may be entered against a party who fails to appear or otherwise defend. Fed. R. Civ. P. 55. To obtain a judgment by default, the moving party must follow the two-step process described in Rule 55: "[F]irst, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a); second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b)." *Richfield Hosp., Inc. v. Shubh Hotels Detroit, LLC*, No. 10-cv-00526-PAB-MJW, 2011 WL

---

[2] Pawnee has indicated to this Court that it has settled its claims against Optical Technologies' other guarantors, John Redfearn, III, and James Comstock. *See* [Doc. 49; Doc. 50].

2

3799031, at *2 (D. Colo. Aug. 26, 2011).  A defendant who has defaulted is deemed to have admitted the factual allegations of the complaint as true as well as the undisputed facts alleged in affidavits and exhibits.  *Brill Gloria v. Sunlawn, Inc.*, No. 08-cv-00211-MSK-MEH, 2009 WL 416467, at *2 (D. Colo. Feb. 18, 2009); *see also Deery Am. Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

The first step is not at issue here; the Clerk of Court has entered default as to both Ms. Johnson, *see* [Doc. 26], and Optical Technologies, *see* [Doc. 29].  As to the second step, this Court must, as a threshold matter, determine whether it possesses jurisdiction over a given action.  If the Court lacks such jurisdiction—either subject matter jurisdiction over the action, or personal jurisdiction over the defendant—default judgment cannot enter.  *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) ("A default judgment in a civil case is void if there is no personal jurisdiction over the defendant." (quotation omitted)); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (cleaned up)).  If the Court indeed has jurisdiction over the matter, it then must consider whether the well-pleaded factual allegations in Pawnee's Complaint, [Doc. 4 at 6–8], and any attendant affidavits or exhibits support judgment on the breach of contract claims against Ms. Johnson and Optical Technologies, *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010); *see also Magic Carpet Ski Lifts, Inc. v. S&A Co.*, No. 14-cv-02133-REB-KLM, 2015 WL

3

4237950, at *5 (D. Colo. June 8, 2015) ("There must be a sufficient basis in the pleadings for the judgment entered." (quotation omitted)).

Whether to enter default judgment is a decision "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quotation omitted).

## I.   Personal Jurisdiction

The Court first considers whether it possesses personal jurisdiction over Ms. Johnson and Optical Technologies.

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far W. Cap., Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995) (emphasis omitted). Because Colorado's long arm statute, Colo. Rev. Stat. § 13-1-124, extends to the limits of the Due Process Clause, the personal jurisdiction analysis is a single due process inquiry. *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017).

It is well settled that a party can expressly consent to the personal jurisdiction of a court where the party has agreed to a forum selection clause contained in a contract. *Olivares v. C.R. Eng., Inc.*, No. 2:22-cv-00123-JNP-JCB, 2022 WL 3025974, at *2 (D. Utah Aug. 1, 2022) (collecting cases); *Butler v. Daimler Trucks N. Am., LLC*, 433 F. Supp. 3d 1216, 1235 (D. Kan. 2020) ("A defendant may consent to personal jurisdiction explicitly, such as through a forum selection clause or some other agreement . . . ." (quotation omitted)); *Elec. Realty Assocs., L.P. v. Vaughan Real Est., Inc.*, 897 F. Supp. 521, 522 (D. Kan. 1995) ("[Contracting parties] may consent to litigate disputes in a

4

particular forum by inserting a forum selection clause into their contract. Absent fraud, duress, or other coercive factors, such an agreement precludes consenting [parties] from later contesting personal jurisdiction unless they can clearly show that enforcement of the clause would be unreasonable." (citations omitted)). Accordingly, the Court finds Ms. Johnson and Optical Technologies expressly consented to this Court's personal jurisdiction by agreeing to the forum selection clause contained in the Agreement, which provides that it "shall be governed by the laws of Colorado" and that the parties thereto "agree that legal actions may only be brought in the state or federal courts in Larimer County, Colorado, except that [Pawnee] may file any action where the equipment is or has been located at any time." [Doc. 52-3 at 3].

## II.   Subject Matter Jurisdiction

Having resolved the question of its personal jurisdiction over Ms. Johnson and Optical Technologies, the Court turns to its subject matter jurisdiction over this matter.

Defendant John Redfearn, III ("Mr. Redfearn, III"), one of Optical Technologies' guarantors, removed this case, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) based on complete diversity of the Parties and the amount in controversy exceeding $75,000. [Doc. 1 at ¶ 4]. Pursuant to 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." Here, Pawnee has "[t]he burden of establishing subject matter jurisdiction" because it is "the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).

For purposes of diversity, Ms. Johnson, Mr. Redfearn, III, and James Comstock ("Mr. Comstock"), the final Defendant in this action, take on the citizenship of their

5

respective states of domicile, *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014); and Pawnee and Optical Technologies, as corporations, take on the citizenship of the respective states in which they are incorporated and in which their principal places of business are located, *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009). This Court finds that Ms. Johnson is a citizen of Wisconsin, Mr. Redfearn is a citizen of Georgia, and Mr. Comstock is a citizen of California. [Doc. 47 at ¶ 8; Doc. 1 at ¶ 4].[3] The Court also finds that Pawnee is a citizen of Colorado, and Optical Technologies is a citizen of Georgia, where they are respectively incorporated and maintain their respective principal places of business. *See* [Doc. 47 at ¶ 8; Doc. 4 at ¶¶ 1–2; Doc. 1 at ¶ 4]. Thus, complete diversity exists. *See Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015) ("Diversity jurisdiction requires complete diversity—no plaintiff may be a citizen of the same state as any defendant.").

As to the amount in controversy, courts accept a plaintiff's allegations that the amount in controversy exceeds the requisite $75,000, unless the defendant can prove to a legal certainty that the plaintiff cannot recover the alleged amount. *McPhail v. Deere &*

---

[3] The Court notes that to the extent the allegations of citizenship in Plaintiff's Complaint are insufficient to establish the individual Defendants' respective states of citizenship—given that the Complaint alleges only their respective states of *residence*, *see* [Doc. 4 at ¶¶ 3–5], as opposed to domicile, *see* [Doc. 51 at 2 (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another." (citations omitted)); *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."))]—and the corporate Defendants' respective states of citizenship—because the Complaint omits reference to their states of incorporation, *see* [Doc. 4 at ¶¶ 1–2—the Court looks to the allegations in the Removal Notice, [Doc. 1], as a supplement. *Cf. Lonnquist v. J. C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970) (in determining the amount in controversy for purposes of diversity jurisdiction, courts first look to the allegations of the complaint and, if they are not dispositive, may then turn to the allegations in the notice of removal).

*Co.*, 529 F.3d 947, 953 (10th Cir. 2008).  Pawnee alleges that the amount in controversy exceeds the $75,000 threshold, [Doc. 4 at ¶¶ 13, 23; Doc. 47 at ¶ 8], and has put forth evidence that this is true, *see* [Doc. 52-5; Doc. 52-6].  Accordingly, the Court finds that the amount in controversy exceeds $75,000, and that the Court has subject matter jurisdiction over this action.

### III.   Merits

Finally, the Court must consider whether Pawnee has established Ms. Johnson's and Optical Technologies' liability, as well as the amount of damages to which Pawnee is entitled.  *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020) ("Default judgment cannot be entered against defaulting defendants until the amount of damages has been ascertained.").

To state a claim for breach of contract under Colorado law,[4] "a plaintiff must prove the following elements:  (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff."  *See W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted).  Taking the allegations in the Complaint as true, as this Court must, the Court finds that Pawnee has established both Ms. Johnson's and Optical Technologies' liability for breach of contract.  *See* [Doc. 4 at

---

[4] The Agreement contains a choice of law clause, which specifies that the contract shall be governed by Colorado law, *see* [Doc. 52-3 at 3], and there is no argument that this clause is invalid or unenforceable or that Colorado law otherwise does not apply. *Yavuz v. 61 MM, Ltd.*, 465 F.3d 418, 427–28 (10th Cir. 2006) (absent special circumstances, courts usually honor contracting parties' choice of law); *see also Orderly Health, Inc. v. NewWave Telecom & Techs., Inc.*, No. 20-1441, 2021 WL 4592268, at *2 (10th Cir. Oct. 6, 2021) (honoring contractual choice of law provision in action based on diversity jurisdiction).

¶¶ 7–23]. First, the Agreement is a facially valid contract that binds Pawnee and Optical Technologies as parties and Ms. Johnson as a guarantor. *See* [Doc. 4 at ¶¶ 7, 16–17; Doc. 52-3]. Second, Pawnee performed its obligations under the Agreement by supplying the leased equipment to Optical Technologies. [Doc. 4 at ¶¶ 8, 10; Doc. 52-6 at ¶ 5]. Third, Optical Technologies breached its duties under the Agreement by failing to make the required monthly lease payments, [Doc. 4 at ¶¶ 11–12; Doc. 52-3 at 1; Doc. 52-6 at ¶ 5], and similarly, Ms. Johnson breached her duty as guarantor by failing to satisfy Optical Technologies' obligation to Pawnee, [Doc. 4 at ¶¶ 19–22; Doc. 52-3 at 1; Doc. 52-6 at ¶ 11]. Lastly, Pawnee was damaged in the full amount of lease payments owed under the Agreement, namely $100,067.93. [Doc. 4 at ¶¶ 13, 23; Doc. 52-5; Doc. 52-6 at 4].

Furthermore, the Court finds that, pursuant to the Agreement's terms, Plaintiff is entitled to the full principal amount owed under the Agreement, $100,067.93, *see* [Doc. 52-5; Doc. 52-6 at 4]; pre-judgment interest at a rate of 24% per annum, accruing from the date of default, April 6, 2022, [Doc. 52-6 at 4 (declaring that default occurred on April 6, 2022); Doc. 52-3 at 3 (providing that defaulting party or guarantor "will also pay interest on any unpaid damages at the lower of 24% per year or the maximum rate permitted by applicable law")]; and its reasonable attorney's fees in the amount of $925.00, [Doc. 47 at 2; Doc. 52-6 at ¶ 13; Doc. 52-7; Doc. 52-3 at 3 (providing that defaulting party or guarantor will "pay all costs and expenses, including legal fees . . . that [Pawnee] incur[s] enforcing [its] remedies" upon party or guarantor's default)].

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1) Plaintiff's Motion to Enter Default Judgment [Doc. 47] is **GRANTED**;

(2) The Clerk of Court shall enter default judgment against Defendants Shani Johnson and Optical Technologies, Inc., jointly and severally, in the principal amount of $100,067.93;

(3) The principal owed is properly subject to pre-judgment interest at a rate of 24% per annum, accruing from the date of default, April 6, 2022;

(4) Plaintiff Pawnee Leasing Corporation is entitled to post-judgment interest as calculated pursuant to 28 U.S.C. § 1961, accruing from the date of entry of default judgment;

(5) Plaintiff Pawnee Leasing Corporation is entitled to its reasonable attorney's fees in the amount of $925.00; and

(6) Plaintiff Pawnee Leasing Corporation, as the prevailing party, shall be awarded its costs, in the amount of $396.00, pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and D.C.COLO.LCivR 54.1.

DATED: March 28, 2024

BY THE COURT:

_____
Nina Y. Wang
United States District Judge